{¶ 24} I respectfully dissent from the majority's opinion. For the reasons that follow, I would affirm the trial court's granting of summary judgment to appellee.
 {¶ 25} Appellant argues that the trial court improperly granted summary judgment to appellee, maintaining that a material question of fact remains as to whether the snow or ice on which he fell was an unnatural accumulation. The majority agrees, despite the fact that there is no evidence in the record to support this argument.
 {¶ 26} The majority concludes that appellant's testimony that the ramp was snow covered and slippery, coupled with Mr. Aspanasewicz's preliminary report that the valley in the roof creates a discharge of water onto the ramp and results in a greater accumulation of water and/or ice than normal, was sufficient to create a question of fact.
 {¶ 27} I agree with the majority, as well as Mr. Aspanasewicz, that the valley in the roof could, in theory, cause an unnatural or man-caused accumulation of ice. However, in the case sub judice, the problem arises not with the theory, but with the facts. There is evidence that snow accumulated naturally on the ramp in the hour during which appellant was eating breakfast. However, there is absolutely no evidence in the record put forth by appellant that there was any ice on the ramp when appellant slipped and fell on it, let alone unnatural accumulation of ice.
 {¶ 28} Appellant testified in his deposition that it was snowing, but not a blizzard, when he arrived at the deli. It continued to snow throughout breakfast, and was still snowing when he left. He did not know if the ramp had snow on it when he arrived, but it did when he came out of the deli one hour later. He did not notice any ice on the ramp because it was "snow covered." Beyond that, he could not recall if he observed any water leaking or dripping that could have caused an ice accumulation. He stated that "[s]now or ice or something, whatever, the slippery condition of the ramp[,]" caused him to fall. However, he then again admitted that he only saw snow on the ramp, not ice.
 {¶ 29} Furthermore, appellant's other evidence does not establish that there was any unnatural accumulation of ice or snow on the day in question. First, Rebecca Davis, who worked at Erie Optical near the deli, stated that the ramp was snow covered and slippery that day and that in past winters, they have had to put salt on the ramp due to its slippery condition. Second, photographs submitted by appellant, showing ice accumulation on the ramp, were taken nearly ten days after appellant's fall. Finally, appellant's expert's preliminary report shows, at most, that ice could unnaturally accumulate due to a man-made valley in the roof, which could cause an excess of water to flow onto the ramp. However, none of this evidence establishes a genuine issue of material fact as to whether there was ice on the ramp when appellant fell on it. As such, the trial court did not err when it granted summary judgment to appellee.